1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DANIEL A. MARTORELLA, ESQ.  (SBN 128700)
PALM SPRINGS LAW, INC.
44-100 Monterey Avenue, Suite 203
Palm Desert, CA 92260
Tel: (760) 776-6666 • Fax: (760) 776-5707

Attorney for Plaintiff, GERRY PASS


DALE A. AMATO, ESQ. (SBN 137965)
BERGER KAHN
A Law Corporation
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027
Tel: (858) 547-0075 • Fax: (858) 547-0175

Attorneys for Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| GERRY PASS, an individual, | CASE NO.:  ED CV 12-02004 DDP (OPX) |
| Plaintiff, | |
| v. | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY** |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY and DOES 1 through 10, Inclusive, | |
| Defendants. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

## DESIGNATION OF CONFIDENTIAL INFORMATION

1.     *Designation Of Material.*  Documents and other things claimed to be, or to contain Confidential Information shall, prior to production, be marked by the producing party as "Confidential."  Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall constitute notice and shall designate the document as Confidential material.  Copies, extracts, summaries, notes, and other derivatives of Confidential material which would otherwise be producible under applicable law shall be deemed Confidential material and shall be subject to the provisions of this Order.

2.     *Subsequent Designation.*  Documents and/or materials produced in the litigation that are not identified as Confidential Information when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved.

3.     *Inadvertent Disclosure.*  If a person receiving Confidential Information learns that, by inadvertence or otherwise, it has received information that was not designated as Confidential Information, and/or has thereafter disclosed such Confidential Information to another, each such person will retrieve any Confidential Information that was received/disseminated, affix a "Confidential" designation to it, and thereafter distribute it only as allowed by this Stipulation.

4.     *Designation Of Depositions.*  Depositions or portions thereof upon oral or written questions may be classified as Confidential Information either by an examining party's attorney or by an attorney defending or attending the deposition.  A party claiming that a deposition or any portion thereof is Confidential Information shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within thirty (30) days after receipt of the deposition transcript, and the

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA 92131-1027

testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

5.   *Modification of Designation*.  The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below:

(a)   The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced; or

(b)   If the parties cannot agree, such document or testimony shall be treated as "Confidential," until such dispute is resolved.  The parties shall follow the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California regarding motions to resolve the dispute. In any dispute as to whether a document or testimony should be declassified, the burden to prove confidentiality shall be on the party claiming confidentiality.

### ACCESS TO CONFIDENTIAL INFORMATION

6.   *General Access*.  Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

(a)   To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of "**Exhibit A**" hereto;

(b)   To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of **Exhibit A**;

(c)   To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign **Exhibit A** attached hereto (excluding court-appointed court reporters); and

2

(d)    To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign **Exhibit A** attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

Nothing herein shall prevent the Confidential documents or information being viewed by the Court or Court personnel in connection with their legitimate activities regarding the case administration.

7.    _No Copies/Notes_.  Except for internal use by outside counsel for the parties, for Court and deposition copies, and for such use as is expressly permitted under the terms of this Stipulation and Order, no person granted access to Confidential Information shall make copies, [reproductions, transcripts, or facsimiles] of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

8.    _Disputes Over Access_.  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.  Such motion shall follow the procedures set forth in Local Rule 37 of the United States District Court for the Central District of California

**USE OF CONFIDENTIAL INFORMATION**

9.    _Use In This Litigation Only_.  Confidential Information shall not be used, disclosed, or disseminated except for purposes reasonably related to the prosecution of this litigation unless otherwise ordered by the Court.

10.    _Use At Depositions_.  If Confidential Information is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information is to be

3

BERGER KAHN
_A Law Corporation_
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

discussed, any person not entitled under this Stipulation and Order to receive the Confidential Information.

11.     _Filing Under Seal_.  In accordance with Local Rule 79-5.1, if any papers to be lodged or filed with the Court contain any material that has been designated Confidential Information pursuant to this Order, the proposed lodging or filing shall be accompanied by an application to lodge or file the papers or the portion thereof containing the designated material (if such portion is Segre gable) under seal; and the application shall be directed to the judge whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

12.     _Reasonable Precautions_.  Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

13.     _Return After Litigation_.  Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or at such other time as may be ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same or destroy all items constituting, containing, or reflecting the other party's Confidential Information.

## OTHER PROVISIONS

14.     _Not An Admission_:  Nothing in this Stipulation shall constitute an admission by the party that information designated as Confidential, is actually Confidential Information.  Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15.     _Subpoenas_.  This Order shall require any party who receives a subpoena to immediacy notify the party deeming the subpoenaed material Confidential and to refrain from production before the required response date to allow the party deeming the subpoenaed material as Confidential to move the court to prevent such disclosure.

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY**

BERGER KAHN
_A Law Corporation_
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

Nothing in this Order is intended or should be construed as authorizing any party to disobey a lawful subpoena in another action.

16.    *Miscellaneous*.

(a)    This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or as Court order in this litigation.  This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees of either of the parties or their affiliates.

(b)    The provisions of this Confidentiality Stipulation shall not terminate at the conclusion of the litigation and shall continue to bind all persons to whom disclosure of the confidential documents were made, and their successors, heirs and assigns.

(c)    The execution of this Order shall not preclude any party from moving the Court for other or further protective orders in the course of this action.

(d)    This Order is subject to amendment and modification by further written stipulation among counsel of record in this action and/or by order of this Court.

(e)    Violation of this Order may be redressed by any suitable remedy fashioned by and in the discretion of the Court in accordance to the applicable statues and rules.

**PLEASE TAKE FURTHER NOTICE** that the content of this document is acceptable to all persons required to sign this document and it has been agreed to by all parties required to sign this document that his or her electronic signature can be affixed to this document.

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY**

DATED: January 16, 2013          PALM SPRINGS LAW, INC.

                                 By:   /s/ Daniel A. Martorella
                                       DANIEL A. MARTORELLA
                                       Attorneys for Plaintiff GERRY PASS

DATED: January 16, 2013          BERGER KAHN

                                 By:   /s/ Dale A. Amato
                                       DALE A. AMATO
                                       Attorneys for Defendant
                                       LIBERTY MUTUAL FIRE
                                       INSURANCE COMPANY

**IT IS SO ORDERED.**

DATED: __January 16,  2013_____

HON. OSWALD PARADA
Magistrate Judge of the District Court

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

6

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING
CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY**

**EXHIBIT A**

**<u>AGREEMENT CONCERNING INFORMATION COVERED BY</u>**
**<u>CONFIDENTIALITY STIPULATION</u>**

 I hereby acknowledge that I am to receive information and/or documents designated as confidential materials, pursuant to the terms of the Confidentiality and Protective Order dated _____.   I acknowledge receipt of a copy of that Order, and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein.

 I further agree that any confidential materials in my custody will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the terms of said Order.  I further understand and agree that any summaries or other documents containing knowledge or information obtained from confidential documents or information furnished to me shall also be treated by me as confidential.  I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.  I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services.

_____
Name

_____
Address

_____
Employer

_____
Job Title

_____
Date

7

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING**
**CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BERGER KAHN
*A Law Corporation*
10085 Carroll Canyon Road, Suite 210
San Diego, CA  92131-1027

8

**[PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER CONCERNING
CERTAIN MATERIALS AND INFORMATION PRODUCED DURING DISCOVERY**